Opinion issued September 20, 2007












In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00399-CR






ROBERT LEE RIDEAUX, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 232nd District Court

Harris County, Texas

Trial Court Cause No. 1025262




 


MEMORANDUM OPINION

 Appellant Robert Lee Rideaux was convicted by a jury of aggravated assault. 
See Tex. Penal Code Ann. § 22.01(a)(1), 22.02(a)(2) (Vernon Supp. 2006) (person
commits offense if person intentionally or knowingly causes bodily injury to another
person and uses deadly weapon during commission of offense). After finding that
appellant used a deadly weapon and that appellant was previously convicted of
attempted aggravated assault, the jury assessed punishment at imprisonment for 35
years. Appellant brings three points of error, challenging the legal and factual
sufficiency of the evidence and claiming the trial court erred in not authorizing the
jury to convict on the offense of deadly conduct. We affirm.

 Both appellant and Kevin Houston were, at different times, in relationships
with Harold Smither. At the time of the offense, appellant was living with Smither
for the second time. Smither had asked appellant to find another place to stay, and
Smither had re-established his previous relationship with Houston. Smither testified
at trial that he awoke one morning to see appellant pointing a shotgun at him. 
Appellant shot Smither, and then reloaded the shotgun and shot the complainant,
Houston. Smither was able to chase appellant downstairs and call for help. Houston
Police Officer Robert Curl later found appellant three blocks away from Smither's
apartment. Officer Curl testified at trial that appellant voluntarily stated that he had
shot two people.

 In point of error one, appellant contends the evidence is legally insufficient to
support his conviction because he claims the State's witnesses, Smither and Houston,
were not credible. Appellant's argument is based on a perceived flaw--that Officer
Curl did not see any blood on appellant, despite the large amount of blood in
Smither's apartment and on Smither and Houston.

 The standard for reviewing the legal sufficiency of the evidence is whether,
after reviewing the evidence in the light most favorable to the verdict, any rational
trier of fact could have found the essential elements of the crime beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89 (1979). 
Appellant does not demonstrate how it would be physically impossible for appellant
not to be sprayed with blood, or explain why it was impossible for him to clean up
any blood before Officer Curl found him. Instead, appellant merely challenges the
credibility of the witnesses, something he concedes is not considered in a legal
sufficiency review. See, e.g., Jones v. State, 944 S.W.2d 642, 647 (Tex. Crim. App.
1996) ("The jury is the exclusive judge of the credibility of witnesses and the weight
to be given their testimony."). After reviewing all the evidence, including Officer
Curl's testimony that appellant confessed to the shootings, we overrule point of error
one.

 In point of error two, appellant challenges the factual sufficiency of the
evidence based on credibility. When conducting a factual-sufficiency review, we
view all of the evidence in a neutral light. Cain v. State, 958 S.W.2d 404, 408 (Tex.
Crim. App. 1997). We will set the verdict aside only if (1) the evidence is so weak
that the verdict is clearly wrong and manifestly unjust or (2) the verdict is against the
great weight and preponderance of the evidence. Johnson v. State, 23 S.W.3d 1,
10-11 (Tex. Crim. App. 2000). Under the first prong of Johnson, we cannot conclude
that a conviction is "clearly wrong" or "manifestly unjust" simply because, on the
quantum of evidence admitted, we would have voted to acquit had we been on the
jury. Watson v. State, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006). Under the
second prong of Johnson, we cannot declare that a conflict in the evidence justifies
a new trial simply because we disagree with the jury's resolution of that conflict. Id. 
Before finding that evidence is factually insufficient to support a verdict under the
second prong of Johnson, we must be able to say, with some objective basis in the
record, that the great weight and preponderance of the evidence contradicts the jury's
verdict. Id. In conducting a factual-sufficiency review, we must also discuss the
evidence that, according to the appellant, most undermines the jury's verdict. See
Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

 We may not re-weigh the evidence and substitute our judgment for that of the
fact-finder. King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). The
fact-finder alone determines what weight to place on contradictory testimonial
evidence because that determination depends on the fact-finder's evaluation of
credibility and demeanor. Cain, 958 S.W.2d at 408-09. As the determiner of the
credibility of the witnesses, the fact-finder may choose to believe all, some, or none
of the testimony presented. Id. at 407 n.5. The standard for reviewing the factual
sufficiency of the evidence is whether, after considering all of the evidence in a
neutral light, the jury was rationally justified in finding guilt beyond a reasonable
doubt. Watson v. State, 204 S.W.3d 404, 415 (Tex. Crim. App. 2006).

 Appellant's argument on factual sufficiency is the same as he made on legal
sufficiency--that it would be physically impossible for him to be in Smither's
apartment during or immediately after the shooting and not be covered with blood
when Officer Curl found him. As before, appellant does not explain this
impossibility, but merely claims it to be true. We overrule point of error two.

 In point of error three, appellant claims the trial court erred in not authorizing
the jury to convict on the offense of deadly conduct, which appellant contends is a
lesser included offense of aggravated assault. See Tex. Penal Code Ann. § 22.05(b)
(Vernon 2003) (person commits offense if he knowingly discharges firearm at or in
direction of one or more individuals). The Court of Criminal Appeals has recently
modified the lesser-included-offense analysis in Hall v. State. 225 S.W.3d 524 (Tex.
Crim. App. 2007). The first part of the analysis, determining whether an offense is
a lesser-included offense of the alleged offense, is now purely a question of law. Id.
at 535. Accordingly, we cannot rely on older cases that considered the evidence
produced at trial when conducting the first part of the analysis. See id.

 In this appeal, we do not have to determine whether deadly conduct is a
lesser-included offense of aggravated assault because appellant cannot meet the
second part of the analysis. Under that part, a defendant is entitled to an instruction
in the charge on a lesser-included offense when the proof for the offense charged
includes the proof necessary to establish the lesser-included proof and there is some
evidence in the record that would permit a jury rationally to find that if the defendant
is guilty, he is guilty only of the lesser-included offense. Id. at 536. Appellant argues
that the difference between the two offenses is whether appellant had the intent to
cause bodily injury.

 The State argues, and we agree, that an argument that appellant only knowingly
discharged the shotgun in Smither's and Houston's direction is not rational. The
evidence at trial was that appellant pointed a shotgun directly at, and shot, Smither
and then reloaded the shotgun and shot Houston. Based on that evidence, no rational
jury could find that appellant did not intentionally or knowingly shoot Houston, the
complainant. There was no evidence presented from which a jury could infer that
appellant's mental state was merely reckless, by discharging a firearm at or in the
direction of Houston without intending bodily injury, with respect to Houston. 
According, we overrule point of error three.

 We affirm the judgment of conviction.

 


 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Hanks, and Bland.

Do not publish. Tex. R. App. P. 47.2(b).